IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:

NILSA TORRES ARROYO

Debtor(s)

Case No. 13-06057 ESL

Chapter 13

**TRUSTEE'S OBJECTION TO DEBTOR(S) CLAIMED EXEMPTIONS**

TO THE HONORABLE COURT:

**COMES NOW,** Alejandro Oliveras Rivera, Standing Chapter 13 Trustee, by and through the undersigned staff attorney and very respectfully, ALLEGES, STATES and PRAYS:

1. Pursuant to Federal Bankruptcy Rule 4003(b), the trustee is hereto objecting to debtor(s) claim for exemptions as set forth below. In so objecting, the trustee has considered the value of the properties subject of exemption as well as the liens on this property[1]. The meeting of creditors is scheduled for **August 28, 2013**.

**TRUSTEE'S OBJECTION FOR EXEMPTION CLAIMED UNDER
PRLA 31 §§ 385(a), 1851-1857**

2. Debtor(s) claimed Puerto Rico homestead exemption pursuant to Title 31 of Laws of Puerto Rico, Section 1851-1857. The aforementioned law corresponds to Law 195 of September 13, 2011, known in Spanish as "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar". The law was amended by Law 257 of September 15, 2012.

---

[1] The amount of the debts secured by the properties in question was obtained from the proof of claim, if one was filed, or, in its absence, from the scheduled amount.

TRUSTEE'S OBJECTION TO EXEMPTIONS
CASE NO. 13-06057 ESL
Page 2 of 7

3. The homestead exemption was claimed over debtor's interest in the following real property:

| Description/Location of Property | Law Claimed | Value of Claimed Exemption |
|---|---|---|
| Rael property at Bo. Maricao, Vega Alta, PR. Value $100,000 | 31 P.R.L.A. §§385(a); 1851-1857 | $91,905.00 |

4. For the reasons stated below, the trustee hereby objects to the above claim for exemption and requests that it be disallowed in its entirety:

X) In the case of In re Viviana Perez, 11-09608 opinion entered by Hon. Enrique S. Lamoutte and adopted by Honorable Brian K. Tester and Hon. Mildred Caban, the court ruled regarding the homestead exemption under the auspices of Puerto Rico that "Merely claiming the homestead exemption for the very first time in Schedule "C" of a bankruptcy petition, without any degree of specificity as to the description of the residence or express declaration of using the property as a principal residence under penalty of criminal sanctions, does not meet the requirements established in the 2011 PR Home Protection Act. Debtor(s) Schedule "C" does not specify that the above mentioned property is used as his/her/their principal residence under penalty of criminal sanctions.

5. In addition of claiming State Law exemptions, the debtor has also claimed federal exemptions within its schedule "C". Aside from the exemptions mentioned at paragraph 3 (state law), the debtor has decided to claim exemptions under the provisions of the Bankruptcy Code pursuant to 11 U.S.C. sec. 522(d)(2) for the following property of the estate (Docket 1):

TRUSTEE'S OBJECTION TO EXEMPTIONS
CASE NO. 13-06057 ESL
Page 3 of 7

| Schedule "B" | Schedule "C" Exemption Claimed |
|---|---|
| SUZUKI GRAND VITARA 2001 (PLATE EKW-389) VALUE 2000.00 | 11 U.S.C. sec. 522(d)(2) |

6. The Trustee hereby objects to debtor's claim for exemptions under **both** the provisions of **Puerto Rico Law** and at the same time under the provisions of the **Bankruptcy Code**.

It is our position that debtor's claim for exemptions should be denied as it directly contravenes with the dispositions of the Code.

7. The Bankruptcy code allows debtors to exempt certain property, or value in property, as part of its fresh start philosophy. This has the effect of removing said exempt property or interest therein, from the bankruptcy estate.

8. Exemptions are governed under the Bankruptcy Code in section 522. The code's exemption architecture applies to property, without limitations, and, to value in property, with caps on its availability.

9. As prescribed in 11 USC 522(l), it is debtors who shall decide whether or not they will claim any property as exempt. If they decide to exempt property of their estate, the Code

TRUSTEE'S OBJECTION TO EXEMPTIONS
CASE NO. 13-06057 ESL
Page 4 of 7

permits and directs debtors **the option of electing between federal exemptions 522(B)(2) or state law exemptions 522(B)(3)**.

10. Section 522(b) reads as follows:

(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) **or, in the alternative,** paragraph (3) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed. (OUR BOLD)

11. In turn, section 522(B)(2) provides that debtors can claim exempt:

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

12. Likewise section 522(B)(3), states in pertinent part:

Property listed in this paragraph is—

(A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;

TRUSTEE'S OBJECTION TO EXEMPTIONS
CASE NO. 13-06057 ESL
Page 5 of 7

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law; and …
(C) …

13. In order for debtors to be able to select federal exemptions, the state in which they make their claim must have not "opted out" of the exemptions provided in the bankruptcy code.

14. Section 522(b), allows a state to "opt out" of the federal exemptions, to mean that a state may restrict a debtor in bankruptcy to use only the state law exemptions and federal exemptions not included in Section 522(d). A state could restrict the scope of its exemption to such a degree as not to grant exemptions at all.

15. "If a State opts out, then its debtors are limited to the exemptions provided by state law. Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all. Owen v. Owen, 500 U.S. 305, 308, 111 S. Ct. 1833, 1835, 114 L. Ed. 2d 350 (1991)

16. Puerto Rico has not opted out, thus, debtor's in this district can **elect** between state **or** federal exemptions (not both). Debtor in this case has chosen to select **state and federal exemptions**, thus, as such **her** claim should be denied.

TRUSTEE'S OBJECTION TO EXEMPTIONS
CASE NO. 13-06057 ESL
Page 6 of 7

17. Debtor(s) is(are) not a member(s) of the U.S. Armed Forces, the Coast Guard, the Public Health Service or the National Oceanic and Atmospheric Administration, as evidenced by the Certificate issued by the U.S. Department of Defense, copy of which is attached only to the original of this motion and movant's copy.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above and that an order be entered denying the homestead exemption claimed by debtor(s) over the above mentioned property.

**RESPECTFULLY SUBMITTED.**

**NOTICE:** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party in interest whom this document has been served, or any other party to the action who objects the relief sought herein, shall serve and file an objection or other appropriate response to this document with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the document will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the Court may – in its discretion – schedule a hearing. 9013-1(h)(1).

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by electronic mail. I further certify that the

TRUSTEE'S OBJECTION TO EXEMPTIONS
CASE NO. 13-06057 ESL
Page 7 of 7

foregoing document has been served to the U.S. Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to debtor(s) at the address of record.

In San Juan, Puerto Rico this 26 day of August, 2013.

**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521
aorecf@ch13sju.com

By: **/s/PEDRO R. MEDINA HERNANDEZ**
PEDRO R. MEDINA HERNANDEZ
Staff Attorney
**USDC-PR#226614**

Department of Defense Manpower Data Center

Results as of : Aug-26-2013 07:51:03

SCRA 3.0



# Status Report
## Pursuant to Servicemembers Civil Relief Act

Last Name: TORRES ARROYO
First Name: NILSA
Middle Name:
Active Duty Status As Of: Aug-26-2013

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |

This response reflects the individuals' active duty status based on the Active Duty Status Date

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |

This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |

This response reflects whether the individual or his/her unit has received early notification to report for active duty

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: S4VBB104R0DFF00